UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODERICK K. THOMPSON, | ) | 1:09-cv—02201-AWI-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITIONER'S DUE PROCESS |
| | ) | CLAIM CONCERNING PAROLE |
| v. | ) | SUITABILITY FOR FAILURE TO STATE |
| | ) | A CLAIM COGNIZABLE IN A |
| JAMES D. HARTLEY, | ) | PROCEEDING PURSUANT TO 28 U.S.C. |
| | ) | § 2254 (DOC. 1) |
| Respondent. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DENY PETITIONER'S DUE PROCESS |
| | | CLAIM CONCERNING VIOLATION OF HIS |
| | | PLEA BARGAIN (DOC. 1) |
| | | AND TO DIRECT ENTRY OF JUDGMENT |
| | | FOR RESPONDENT |
| | | |
| | | FINDINGS AND RECOMMENDATIONS TO |
| | | DECLINE TO ISSUE A CERTIFICATE OF |
| | | APPEALABILITY |
| | | |
| | | **OBJECTIONS DEADLINE:** |
| | | **THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 72-302 and 72-304. Pending before the Court is the petition, which was filed on December 18, 2009. Respondent filed an answer

1

to the petition on July 28, 2010, and Petitioner filed a traverse on August 19, 2010.

### I. Consideration of Dismissal of the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

2

Here, after the answer and traverse were filed, the United States Supreme Court decided <u>Swarthout v. Cooke</u>, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011). Because <u>Swarthout</u> appears to govern the instant case, and because no motion to dismiss the petition has been filed, the Court proceeds to consider both the merits of the petition and whether the petition states a cognizable claim for relief.

II.  <u>Background</u>

Petitioner alleges that he is an inmate of the Avenal State Prison (ASP) who is serving fifteen (15) years to life imposed in the Kings County Superior Court upon Petitioner's 1981 conviction of second degree murder in violation of Cal. Pen. Code § 187(a). (Pet. 1.)

In his first claim, Petitioner argues that the decision of the California Board of Parole Hearings (BPH) finding Petitioner unsuitable for parole violated his right to due process of law because it was not supported by some evidence of current dangerousness and was not reached by an individualized consideration of the pertinent criteria. (Pet. 4-14.) It appears that the decision in question followed a hearing held before the BPH on March 10, 2008. (Ans. [doc. 12], Ex. A [doc. 12-1], 5.) Petitioner also challenges the state courts' decisions on his claims as also lacking the support of some evidence to support the statutory and regulatory factors. (Pet. 12.)

In his second claim, Petitioner contends that his plea agreement to enter a guilty plea to second degree murder was violated by the BPH's finding of unsuitability for parole and the

3

1 actions of the California Department of Corrections and
2 Rehabilitation (CDCR) because the bargain resulted in no benefit,
3 and his sentence is not "within the regulatory matrix of
4 punishment specified for second degree murder" in Cal. Code
5 Regs., tit. 15, § 2403(c).  Petitioner notes the absence of any
6 explanation of the parole consequences of his plea or of what a
7 term of fifteen (15) years to life meant, and he alleges that he
8 has served almost twelve (12) years beyond his fifteen-year
9 minimum.  (Pet. 13.)  Petitioner argues that the BPH thus
10 unilaterally authorized a higher degree of punishment than
11 Petitioner bargained for in the guilty plea proceedings, and he
12 seeks specific performance of the bargain.  He also appears to
13 assert that the BPH has failed to acknowledge Petitioner's good-
14 time credits, but specific facts are not stated.  Thus, the Court
15 interprets the assertion as a reference to an additional
16 consequence of the finding that Petitioner was not suitable for
17 parole.  (Pet. 4, 13-16.)

18     It appears from the transcript of the hearing submitted by
19 Respondent with the answer that Petitioner attended the parole
20 hearing before the BPH on March 10, 2008.  (Pet. [doc. 1], 52-
21 147.)  Petitioner was represented by counsel, who spoke on behalf
22 of Petitioner.  (Pet. 56-147, 60, 65, 130, 132-35.)  Petitioner
23 reviewed his central file before the hearing, spoke to the board
24 about various suitability factors, and personally made a
25 statement. (Pet. 64, 56-124, 135-39.)  Petitioner was present
26 when the BPH stated its reasons for denying parole.  (Pet. 140-
27 47.)
28 ///

4

III. <u>Failure to Allege a Due Process Claim Cognizable in a Proceeding pursuant to 28 U.S.C. § 2254</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. -, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[1]

---

[1] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id.</u> at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. <u>Id.</u> at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. <u>Id.</u> at 9. Further, the discretionary decision to

5

Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63.

---

release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

6

Here, in his first claim, Petitioner challenges the sufficiency and the weight of the evidence as determined by the BPH and the state courts.  Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout.  Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner's sub-claim that he did not receive a sufficiently individualized consideration of the evidence concerning his behavior is likewise not cognizable.  The minimal due process to which Petitioner is entitled does not include any particular degree of individualized consideration.

To the extent that Petitioner complains that the BPH did not act or make findings in accordance with state statutory or regulatory law, Petitioner is asserting a violation, or error in application, of state law.  However, to the extent that Petitioner's claim rests on state law, it is not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

A petition for habeas corpus should not be dismissed without

leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, it is clear from the allegations in the petition that Petitioner attended the parole suitability hearing, reviewed his records before the hearing, made statements to the BPH, was represented by counsel, and received a statement of reasons for the decision of the BPH. Thus, Petitioner's own allegations establish that he had an opportunity to be heard and received a statement of reasons for the decisions in question. It therefore does not appear that Petitioner could state a tenable due process claim.

Accordingly, it will be recommended that insofar as Petitioner alleges that the BPH's proceedings and decision violated his right to due process of law, the petition be dismissed without leave to amend.

### IV. Alleged Conflict with Petitioner's Guilty Plea

#### A. Legal Standards

##### 1. Habeas Standard of Decision

Title 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

8

proceeding.

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption or correctness by clear and convincing evidence.

The Petitioner bears the burden of establishing that the decision of the state court was contrary to, or involved an unreasonable application of, the precedents of the United States Supreme Court. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); Baylor v.Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).

A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion contrary to that of the Supreme Court or arrives at a different conclusion on an indistinguishable set of facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). The state court need not have cited Supreme Court precedent or have been aware of it, "so long as neither the reasoning nor the result of the state-court decision contradicts [it]." Early v. Packer, 537 U.S. 3, 8 (2002). The state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir.2002); see, Williams, 529 U.S. at 408-09. An application of law is unreasonable if it is objectively unreasonable; an incorrect or inaccurate application of federal law is not necessarily unreasonable. Williams, 529 U.S. at 410.

2. <u>Due Process Principles concerning Plea Agreements</u>

A criminal defendant has a due process right to enforce the terms of his plea agreement. Promises from the prosecution in a plea agreement must be fulfilled if they are significant inducements to enter into a plea. <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971); <u>Buckley v. Terhune</u>, 441 F.3d 688, 694 (9th Cir. 2006). Plea agreements are contractual in nature and are measured by contract law standards. <u>United States v. De la Fuente</u>, 8 F.3d 1333, 1337 (9th Cir. 1993). In construing a plea agreement, a court must determine what the defendant reasonably believed to be the terms of the plea agreement at the time of the plea. <u>United States v. Franco-Lopez</u>, 312 F.3d 984, 989 (9th Cir. 2002).

The construction of a state court plea agreement is a matter of state law, and federal courts will defer to a state court's reasonable construction of a plea agreement. <u>Ricketts v. Adamson</u>, 483 U.S. 1, 6 n.3 (1987); <u>Buckley v. Terhune</u>, 441 F.3d 688, 695 (9th Cir. 2006). In California, a negotiated plea agreement is a form of contract and is interpreted according to general contract principles and according to the same rules as other contracts. <u>Buckley v. Terhune</u>, 441 F.3d 688, 695 (citing <u>People v. Shelton</u>, 37 Cal.4th 759, 767 (2006) and <u>People v. Toscano</u>, 124 Cal.App.4th 340, 344 (2004)).

In California, the plain meaning of an agreement's language must first be considered. If the language is ambiguous, it must be interpreted by ascertaining the objectively reasonable expectations of the promisee at the time the contract was made.

1  Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir. 2006).  If
2  ambiguity remains after a court considers the objective
3  manifestations of the parties' intent, then the language of the
4  contract should be interpreted most strongly against the party
5  who caused the uncertainty to exist, or in favor of the
6  defendant.  Id. at 695-96.
7           B.   Background
8       Petitioner complains that although he pled guilty to second
9  degree murder and received a sentence of fifteen (15) years to
10 life, he has been in prison twelve years past the fifteen-year
11 minimum and thus has been punished as severely as a first degree
12 murderer serving twenty-five (25) years to life. Petitioner
13 argues that the finding that he was not suitable for parole thus
14 violates his plea agreement.  (Pet. 4, 13-16.)
15      Petitioner characterizes the denial of parole as an
16 unauthorized imposition of the punishment for first degree
17 murder, a term of twenty-five years to life, a result which
18 Petitioner alleges was foreclosed by Petitioner's plea agreement
19 to second degree murder, which carried a sentence of fifteen (15)
20 years to life. (Pet. 13, 15.)  Petitioner alleges that the terms
21 of his agreement included no explanation of what a term of
22 fifteen years to life meant.  Further, there was no discussion of
23 the sentence or parole consequences in open court.  (Pet. 13.)
24 Citing Cal. Code Reg, tit. 15, § 2403(b) and (c), Petitioner
25 alleges that after serving twenty-seven (27) years in prison, he
26 is within the "regulatory matrix of punishment specified for
27 second degree murder."  (Pet. 13, 15.)  Further, Petitioner
28 argues that denial of parole nullified Petitioner's nine years of

11

1  good-time credits.  (Pet. 15.)
2      Petitioner also refers to his sentence as one involving a
3  "15 year minimum." (Pet. 15:24)  However, Petitioner appears to
4  allege that he reasonably understood he was sentenced to a "term
5  of 15 years" subject to reduction by good time credits and parole
6  commencing thereafter, and that it was presumed that Petitioner
7  would be suitable for parole.  (Pet. 13-16.)  Thus, his bargain
8  can be enforced only by limiting Petitioner's "15 year term of
9  custody to time served."  (Pet. 16.)
10     With respect to Petitioner's claim concerning his plea
11 bargain, Petitioner's petition for writ of habeas corpus filed in
12 the Kings County Superior Court was denied with the following
13 explanation:

> In addition, Petitioner has failed to adequately
> demonstrate that, by denying him parole on his
> indeterminate sentence, the Board has somehow violated
> the express terms of the plea agreement reached in
> Kings County Superior Court Case No. 6429.  (People
> v. Duvall, 9 Cal.4th 464, 474 (1995).

(Ans., Ex. 2 [doc. 12-4], 3.)  Petitioner raised the same claims in petitions for writs of habeas corpus filed in the California Court of Appeal and the California Supreme Court; both petitions were summarily denied without explanation or citation.  (Ans., Exs. 3-6.)

The Court notes that neither party provided to the Court the transcript of the hearing held on the change of plea.  Although Petitioner alleges generally that the consequences of his plea were not explained, the Court notes that the probation officer's report prepared in anticipation of Petitioner's sentencing, which was submitted to the California Supreme Court, contains a

12

synopsis of the proceedings. It reflects that on October 30, 1981, Petitioner withdrew his not guilty pleas to murder (count 1) and entered a plea of guilty to murder in the second degree pursuant to a plea bargain by which count 2, infliction of unjustifiable physical pain or mental suffering upon a child under circumstances likely to produce great bodily injury or death in violation of Cal. Pen. Code § 273a(1), was dismissed. (Ans., doc. 12-9, 41-42.) The report indicates that Petitioner was informed of the possible punishments that could be imposed before entering his guilty plea. (Id. at 42.) The sentencing transcript reflects that the plea bargain included dismissal of the murder charge against Petitioner's wife, who was also the murdered child's mother. (Pet. 26.)

Similarly, the transcript of the sentencing hearing reflects the following statement of the sentencing judge concerning Petitioner's entry of his plea:

> On said date, the case went to trial and on October 30th, 1981, after the fifth day, the defendants informed the Court that they decided to enter pleas of guilty. Mr. Thompson desired to enter a plea of guilty to Count 1 in a plea bargain in which the second count of the Information would be dismissed and Mrs. Thompson would enter a plea to Count II, Count I would be dismissed. The Court reexamined the defendants, and determined that they were doing this understandingly, knowingly, and voluntarily, and permitted their withdrawal of the formerly entered plea, and pleas thereupon were entered by the defendants as stated above. Both defendants applied for probation, which is the time set for hearing at this session.

(Pet. 30.) The sentencing court then denied Petitioner's application for probation and sentenced Petitioner to state prison "for the term of 15 years to life." (Pet. 31.)

There is no indication in either the probation report or the

1  transcript of the sentencing proceedings that there was any
2  specific plea agreement concerning sentence, parole, or release
3  on parole. (Ans., doc. 12-9, 33-48; Pet. Ex. B.)  The only
4  sentencing options set forth in the probation report were either
5  a state prison sentence of fifteen years to life (the prescribed
6  prison term for second degree murder), or a grant of probation,
7  which the probation officer considered inappropriate due to the
8  injuries inflicted on the three-month-old victim, and
9  Petitioner's pre-offense threat to his wife to kill the child if
10 she failed to keep the child from crying at night. (Doc. 12-9,
11 43-46.)  At sentencing, Petitioner's counsel requested a ninety-
12 day diagnostic study by the Department of Corrections; the
13 prosecutor expressed agreement with the probation officer's
14 recommendation that Petitioner be sentenced to state prison.
15 (Pet. 28.)

        C.   Analysis

17     Here, Petitioner fails to demonstrate that he is entitled to
18 habeas relief.  Petitioner states in his own petition that he was
19 sentenced to "15 years to life with parole."  (Pet. 1.)
20 Petitioner does not show that his plea agreement included any
21 term or condition concerning parole, the parole period,
22 Petitioner's eligibility for parole, or release on parole.
23     Petitioner's allegations are not supported by a statement of
24 specific facts and thus do not warrant habeas relief.  See, James
25 v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Petitioner fails to
26 show that the state authorities' finding that Petitioner was not
27 suitable for parole was inconsistent with, or violated,
28 Petitioner's plea agreement.

14

1    Petitioner asserts that his continued confinement is
2 inconsistent with his expectation of any benefit from his plea
3 bargain.  However, by his bargain, Petitioner avoided the
4 certainty of a more severe sentence for first degree murder, and
5 the murder charge against his wife was dismissed.
6    Petitioner argues that the state courts improperly construed
7 his plea agreement.  However, Petitioner has not shown that his
8 plea agreement was ambiguous in any respect.  A sentence of
9 fifteen years to life clearly denotes confinement to endure for a
10 minimum of fifteen years and potentially as long as the sentenced
11 person lives.  There is no basis for a conclusion that at the
12 time he entered his plea, objective manifestations of intent
13 reflected that Petitioner reasonably understood that he was
14 entitled to release on parole at any particular point in his
15 indeterminate sentence.  The facts do not warrant a conclusion
16 that the indeterminate sentence imposed was anything other than a
17 sentence for the maximum term of life, with a possibility of
18 release on parole after fifteen years if Petitioner were found
19 suitable for such release.
20    The state court's rejection of Petitioner's claim was not
21 contrary to, or an unreasonable application of, clearly
22 established Supreme Court precedent, and was not based on an
23 unreasonable determination of the facts.  See, 28 U.S.C. §
24 2254(d).  Petitioner has not shown that the state court failed to
25 apply clearly established precedent of the United States Supreme
26 Court.  Further, the state court appears to have reasonably
27 determined that Petitioner had shown nothing more than that he
28 bargained for a term of fifteen years to life with only the

15

1  "possibility" of release on parole.  See, Ricketts v. Adamson,
2  483 U.S. 1, 6 n.3 (1987).
3       To the extent Petitioner relies on state regulations or
4  statutes that permit discretionary release after a shorter period
5  of time than Petitioner has been confined, Petitioner's claim is
6  based on the application of state law and thus does not entitle
7  him to relief.
8       In summary, the court concludes that with respect to his due
9  process claim relating to his plea bargain, Petitioner has failed
10 to show that the state court decisions 1) were contrary to, or
11 involved an unreasonable application of, clearly established
12 Federal law, as determined by the Supreme Court of the United
13 States; or 2) resulted in a decision that was based on an
14 unreasonable determination of the facts in light of the evidence
15 presented in the State court proceeding.
16      Accordingly, it will be recommended that Petitioner's claim
17 relating to his plea bargain be denied.
18      V.   Certificate of Appealability
19      Unless a circuit justice or judge issues a certificate of
20 appealability, an appeal may not be taken to the Court of Appeals
21 from the final order in a habeas proceeding in which the
22 detention complained of arises out of process issued by a state
23 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537
24 U.S. 322, 336 (2003).  A certificate of appealability may issue
25 only if the applicant makes a substantial showing of the denial
26 of a constitutional right.  § 2253(c)(2).  Under this standard, a
27 petitioner must show that reasonable jurists could debate whether
28 the petition should have been resolved in a different manner or

16

that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

///

///

VI.  Recommendation

Accordingly, it is RECOMMENDED that:

1)  The petition for writ of habeas corpus be DISMISSED without leave to amend insofar as Petitioner claims that the finding that he was unsuitable for parole was unsupported by some evidence and constituted a violation of due process of law; and

2)  The petition for writ of habeas corpus be DENIED insofar as Petitioner claims the finding of unsuitability for parole was inconsistent with, or violated, his plea bargain concerning his commitment offense; and

3)  The Court DECLINE to issue a certificate of appealability; and

4)  The Clerk be DIRECTED to enter judgment for Respondent.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to

///

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     March 18, 2011**                                /s/ Sheila K. Oberto
                                                             UNITED STATES MAGISTRATE JUDGE